UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRITTANY R. WALES, | ) |
|       Plaintiff | ) ) ) ) |
| v. | )   No. 2:24-cv-00338-NT |
| KERRY H. MERRINVIL, a/k/a KEYI LE LATE MEYINVI EL, | ) ) ) ) |
|       Defendant | ) |

## RECOMMENDED DECISION

Kerry Merrinvil, a/k/a Keyi Le Late Meyinvi El, previously filed a complaint challenging a state court child support enforcement order, which the Court, upon my recommendation, dismissed because it was "precluded from hearing challenges to state court child support proceedings and orders under the *Rooker-Feldman* doctrine and/or the *Younger* abstention doctrine." *Merrinvil v. Lambrew*, No. 2:24-cv-00210-NT, 2024 WL 2959165, at *1 (D. Me. June 12, 2024) (rec. dec.), *aff'd*, 2024 WL 3032464 (D. Me. June 17, 2024).

Undeterred, Merrinvil now purports to remove to this Court a state court action regarding parentage, parental rights and responsibilities, and child support brought against him by Brittany R. Wales. At the same time, he also asserts new "counterclaims" against Wales and several other "defendants" including Maine Department of Health and Human Services employees, Wales's lawyer, and a state court judge. *See* Motion for Removal (ECF No. 2). In his strange pleading, Merrinvil also apparently names Judge Torresen and me as "defendants." *See id.* at 3, 6.

1

The first issue that must be addressed, then, is whether I must recuse myself because Merrinvil has named me as a "defendant" in his pleading. Ordinarily, my recusal would be required in any proceeding in which I am "a party" or my "impartiality might reasonably be questioned." 28 U.S.C. § 455(a), (b)(5)(i). But Merrinvil's allegations that I engaged in some sort of conspiracy when I recommended the dismissal of his previous action are patently meritless and seem obviously intended to obtain my disqualification. In such circumstances, my recusal is neither required nor warranted. *See Ocean-Oil Expert Witness, Inc. v. O'Dwyer*, 451 F. App'x 324, 329 (5th Cir. 2011) ("Judges are not required to recuse just because they have been or are involved in litigation with a party. Otherwise, parties could control which judges hear their case by filing lawsuits against all judges of whom they disapproved. Courts must take care to ensure that motions for recusal are not abused as a litigation tactic." (footnote omitted)); *New York City Hous. Dev. Corp. v. Hart*, 796 F.2d 976, 981 (7th Cir. 1986) ("Automatic disqualification allows the party to manipulate the identity of the decisionmaker . . . ."); *Ronwin v. State Bar of Ariz.*, 686 F.2d 692, 701 (9th Cir. 1982) ("[A] judge is not disqualified merely because a litigant sues or threatens to sue [her]. Such an easy method for obtaining disqualification should not be encouraged or allowed." (cleaned up)), *rev'd on other grounds sub nom. Hoover v. Ronwin*, 466 U.S. 558 (1984); *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977) ("A judge is not disqualified merely because a litigant sues or threatens to sue [her]."); *Reddy v. O'Connor*, 520 F. Supp. 2d 124, 131 (D.D.C. 2007) ("[R]ecusal is not required where the claim asserted is wholly frivolous

2

or a litigant has named a judicial officer to force [her] out of the case and hence obtain assignment of a judge the litigant considers more desirable." (cleaned up)); *Ebrahimi v. United States*, No. 3:23-CV-02229-G (BH), 2023 WL 7423932, at *3 n.5 (N.D. Tex. Oct. 16, 2023) (rec. dec.) (collecting cases), *aff'd*, 2023 WL 7420225 (N.D. Tex. Nov. 9, 2023).

The next issue is whether Merrinvil's purported removal of a state court parental rights and child support action to this Court is proper. For the same reasons I explained in my recommended dismissal of his previous action, removal is not proper because this Court lacks jurisdiction over state court actions pertaining to parental rights and child support. *See Merrinvil*, 2024 WL 2959165, at *1; *see also Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (concluding that the "domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees"); *Ingram v. Hayes*, 866 F.2d 368, 369 (11th Cir. 1988) ("[F]ederal courts generally dismiss cases involving divorce and alimony, child custody, visitation rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification."); *Fla. Dep't of Rev., Child Support Enf't Div. v. Lockley*, No. 3:21-cv-762-TJC-MCR, 2021 WL 8200194, at *4 (M.D. Fla. Nov. 23, 2021) (dismissing a pro se litigant's purported removal of a state court child enforcement action because "federal courts . . . lack subject matter jurisdiction over domestic relations and child support proceedings"); *Womack v. Wright*, No. 4:18-CV-567, 2019 WL 430914, at *4 (E.D. Tex. Feb. 4, 2019) (remanding a removed matter to state court where "retaining jurisdiction" would

3

have required the federal court "to address the prior orders of the state court and address divorce and alimony, child custody, and child support . . . ."). Accordingly, I recommend that the Court **DISMISS** Merrinvil's improper notice of removal and **REMAND** this matter to state court.[1]

Finally, because this is Merrinvil's second improper attempt to involve this Court in state court family law proceedings, I recommend that the Court **WARN** him that further groundless filings might result in the issuance of filing restrictions against him limiting his ability to file new matters in this Court. *See Cok v. Fam. Ct. of R.I.*, 985 F.2d 32, 34-35 (1st Cir. 1993) (noting that courts may impose filing restrictions on abusive litigants after adequate notice).

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: October 3, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge

---

[1] I would recommend dismissal even if I were to liberally interpret Merrinvil's notice of removal as an independent complaint.