## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| BRITTANY R. WALES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket No. 2:24-cv-00338-NT |
| | ) |
| KERRY H. MERRINVIL, a/k/a | ) |
| KEYI LE LATE MEYINVI EL, | ) |
| | ) |
| Defendant. | ) |

## ORDER AFFIRMING THE RECOMMENDED DECISION
## OF THE MAGISTRATE JUDGE

On October 3, 2024, the United States Magistrate Judge filed with the Court, with copies to the parties, her Recommended Decision (ECF No. 3) on the Defendant's notice of removal of a state court matter (ECF No. 2). The Defendant filed an objection to the Recommended Decision on October 15, 2024 (ECF No. 7). I have reviewed and considered the Recommended Decision, together with the entire record.[1] I have made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision, and I concur with the recommendations of the Magistrate Judge for the reasons set forth in the Recommended Decision and determine that no further proceeding is necessary.

---

[1]     I have also reviewed 28 U.S.C. § 455 to determine whether I should disqualify myself in this proceeding because the Defendant has named me as a party, alleging that I deprived him of his constitutional rights in ruling on his previous federal lawsuit. *See* Mot. for Removal at 3–4, 6–7 (ECF No. 2). Like the Magistrate Judge, I find that the Defendant's allegations against me are "patently meritless and seem obviously intended to obtain my disqualification," Recommended Decision at 2 (ECF No. 3), and I conclude that my recusal is not warranted. *See, e.g.*, *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . Almost invariably, they are proper grounds for appeal, not for recusal.").

It is therefore **ORDERED** that the Defendant's objection is **OVERRULED** and the Recommended Decision of the Magistrate Judge is hereby **ADOPTED**. The Defendant's improper notice of removal is **DISMISSED**, and the matter shall be **REMANDED** to state court.

Further, given that this is Merrinvil's second attempt to involve this Court in family law proceedings occurring in state court, I hereby place the Defendant on **NOTICE** that filing restrictions "may be in the offing." *Cok v. Fam. Ct. of R.I.*, 985 F.2d 32, 35 (1st Cir. 1993). This represents the "cautionary order" of which *Cok* speaks. *Id.* Future groundless filings by Merrinvil might result in the issuance of filing restrictions against him limiting his ability to file new matters in this Court.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 23rd day of October, 2024.